Shinseki v. Shinseki  May it please the court. In this case, we are asking that the court find that where a claim is pending at the time that a new rule or regulation is enacted, that the claimant should be entitled to an effective date as of the date of the application or in this date, the date of the veteran's death. But you've got to deal with 5110G, don't you? Well, there's two things there, I think. One, we think that 5110A, we realize that it provides an exception to the general rule, but we think that 5110D is an exception. And so our position would be that 5110D should be the exception in this case and not 5110G. Alternatively, we would argue that 5110G should not apply because it would be fundamentally unfair, unjust, and against the proclaimant nature of the agreement. Just the reopening claim in front of us, right? Not the original 2004 claim. Our position is that it is the original 2004 claim. The reopening wasn't a new claim because her claim was never final. It was still pending at the court. And so in order for there to be a new reopening claim that is a new separate claim, there has to be a final decision. But what happened in May of 2009 when the board dismissed the original claim, the May 2004 claim, and then that wasn't appealed to the Court of Appeals for Veterans Claims? Correct. Well, we would assert that, first of all, that, I mean, the board remanded the issue of the effective date, and we would assert that we could not appeal the effective date issue until, I mean, we had to handle it at the regional office and up from there at that point when the board remanded it back. It was within the regional office jurisdiction, so then they had to issue a statement of the case and go to the board. And we did appeal it once the board issued an actual appealable decision regarding the effective date in 2011. But if we were to conclude that all we really had in front of us was the reopening claim of 2008 and not the original claim of 2004, then we don't get to the whole question of whether the direct service connection theory is really in front of us. It all comes down to what is the best interpretation of Section 5110. Is that fair to say? Yes. Okay. And on that question, it seems to me that your argument, so tell me if I'm incorrect, that your view completely reads subsection G out of the statute. Am I right? I mean, we would not completely, like in this case here, unlike in other cases, it would operate to deprive the claimant of four years of back benefits that she would otherwise have been entitled to. So we would argue that it should not apply in a case such as this, not that it would never apply in any case. Based on the fact that you think that's the equitable way to go or based on anything in the statute that you could say as to why that wouldn't apply in this circumstance? Based on, I mean, it would essentially, based on the fact that it would be detrimental to her and that it would be unjust and against the fundamental principles of VA law, that it should be proclaimant, that it is proclaimant. But are there any cases you can cite to us? I know cases have said that and the issue about being, the argument about being proclaimant, but are there any cases where in order to achieve that result, one has ignored a particular explicit provision in the statute? I am not aware of a particular case. There are cases that say that the veteran's benefit statute should be construed in the veteran's favor. But that doesn't mean completely ignoring a provision or reading it to say the opposite of what it says, right? You wouldn't stretch it that far, would you? No. However, I mean, the cases that I have looked at that have dealt with 5110G, from what I can see, have been cases, though, unlike this one, where it is not, where there is not deprived of claimant of benefits that she would otherwise have been entitled to, but for a change in the regulation. So I think that's the distinction that we would make. Thank you, Ms. Atwood. Mr. Kraheim? Good morning. May it please the Court? The Court should affirm the Veterans Court's decision. We certainly agree that the Court possesses jurisdiction to consider the statutory question presented by Mrs. Hickman, but the Court should reject her argument. The plain language of 5110G, a means of service connection, is granted pursuant to a presumption enacted after the claim. But there is tension, right, between D and G. They seem to say different things and require a different result. So is it the government's view that the statute is absolutely unambiguous, or that there is ambiguity and we should just defer to the VA's interpretation? Well, she never received benefits under D in this case. Certainly if she would receive benefits under D, then that section would apply. That's a direct service connection claim. Her benefits here were obtained under G, under the Act, or in this case, the regulation, providing for a presumptive service connection. What would it take to get your benefits under D? She would actually have to establish a nexus between her husband's service and his ALS. But the statute doesn't say that. D doesn't say that. I mean, what you're saying would be fine, and one could write D to say, in circumstances where there's no presumption, then this is what happens, but it doesn't say any of that. It has a clear, clean, bottom-line rule. But what it refers to is the effective date of an award of death compensation, DIC compensation. But one has to look to G, which is the more specific provision here, because here, she received an award pursuant to an Act or administrative issue. That is a regulation that created the presumption. What are the causal factors for ALS? I understand G comes in just as a result of an epidemiological study, but I thought causation of ALS was tenuous at best. I think that's right, Your Honor. In fact, the reality is we don't really know what causes ALS. That's the point. So how can D really govern a situation which is beyond medical science? That's right. We don't see how she could have ever obtained benefits under D. I think it's very unlikely. In fact, if you look at the Federal Register notice creating the presumption here, the notice says, despite the high correlation with military service noted in the report, the continuing uncertainty regarding specific precipitating factors or events that lead to development of the disease would create great difficulty for individual claimants seeking to establish service connection by direct evidence. But I guess what I'm unclear on is that why you are, and maybe there's an answer to this, why you seem to be reading D as only applying to the case where she's got to establish service connection. And I don't see where D is that limited. D seems to apply to any award of death, compensation, dependency, etc., and doesn't distinguish between the type of award. Well, but G is a more specific provision regarding a situation where an award… Well, if G didn't exist and we just had D, then clearly she'd be entitled to compensation back to 2004, right? Well, no, because she never established that claim. She never established a nexus between the veterans' ALS and military service in this case. The only reason she obtained benefits here was because of the presumption. If she had, in fact, shown a nexus between ALS… So you're saying D is only applicable to non-presumption cases? That's right. If there's a presumption, one has to look to G because… But if G didn't exist, there's nothing in D that explicitly carves out the presumption cases, right? Well, I think that's right. I mean, if G didn't exist and she was able to demonstrate an actual nexus between ALS and service here, then certainly D would apply. But what if there's a presumption? What if there's a presumption established? If there's an administrative enactment, as there was here, and it says there's a presumption for ALS, and we didn't have subsection G, D would apply, would it not? I think that's right. I don't see why it wouldn't here. That's right. But we do have G, and again here, she just didn't establish service connection pursuant to D in any event here. If I could just get a clarification on something, when the interim final rule came out in 2008, the claim was still pending for a direct service connection, right? That's right. It was pending at the Veterans Court. At that time, but that interim final rule did not cut off her right to continue to pursue that theory, is that right? That's right. She could have pursued that theory at the Veterans Court, and also then again when the issue was before the board in 2009, she could have raised that issue as well. So the interim final rule operates in the sense that it gives her that date, May 2008, as the date for benefits, but she could still continue to fight for an earlier date, May 2004. That's right. But your argument is that she gave up that by not continuing to pursue the dismissal by the board of that claim. That's correct. In fairness, in reviewing her brief and her reply brief here, I'm not sure she's even still pursuing that claim here. Her claim was initially that she's entitled to a medical nexus opinion. She doesn't seem to be asking for one even now. And again, we don't see how she even could establish a nexus independent of the presumption. Can the presumption that's created by the rule be used as, I don't know, some kind of lever or weight or evidence to help establish a direct service connection? This is a little bit of a theoretical point. Sure. Potentially it could, but I don't think it could in this case given the basis for the presumption, as I said earlier. A big part of the reason why the presumption was established here is because claimants would have a very difficult time of establishing direct service connection on their own because we really don't know the basis for it. We don't know what causes ALS. But if as a matter of law there's a presumption, then maybe that's it. Well, that's it. But if one accepts the effective date pursuant to the statute and the rule, that's true. Thank you, Mr. Crowley. Thank you. Ms. Atwood? I think first, when the case was at the court in 2008, the sole issue was entitlement to benefit. The issue was not yet the effective date at that point. Had we continued to pursue the claim at the court, it would have flown in the face of, I mean, it would have been against judicial efficiency with our assertion. And our assertion is that we needed to handle that below because once that rating decision at the regional office found that she was entitled to benefits, it was within the regional office's jurisdiction at that time and it needed to be appealed to the board and handled from there. The second part is, our position is that if the regulation was never enacted, there was still evidence of relationship between ALS and military service based on the 2006 IOM report that's included in the October 2007 Agent Orange review that was published by VA and on its website. And then there also was the 2005 study. So what are you seeking here? Is that issue, I mean, how is that issue before us? Do you want us to send it back? Ultimately, what we are seeking is for 5110G not to apply here. Right, and that's the issue in which the government agrees we have jurisdiction. It's a statutory obstruction issue. Yes. Anything else you're seeking from us? No, I mean, I think alternatively we disagree with the government's assertion that there is no jurisdiction there or that we couldn't get back to the 2004 date and that we never could have gotten what we needed to get the claim granted. We assert that there was evidence of relationship, especially if the benefit of the doubt had been applied in this case under VA law. And then also, even if not, that she would have been entitled to a medical opinion. Thank you, Ms. Atwood. Thank you, and Mr. Kraheim.